UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TERESA TUCKER, <br>     Plaintiff, <br><br> vs. <br><br> CLOSURE SYSTEMS INTERNATIONAL <br> (CSI), a division of REYNOLDS <br> PACKAGING, <br>     Defendant. | 1:10-cv-1476-RLY-TAB |

**ENTRY ON DEFENDANT'S 12(b)(1) MOTION TO DISMISS**

Defendant, Closure Systems International ("CSI"), moves to dismiss Plaintiff's Complaint for lack of standing pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. For the reasons set forth below, the court **DENIES** the motion.

**I.    Standard**

Federal Rule of Civil Procedure 12(b)(1) permits the court to dismiss an action for lack of jurisdiction over the subject matter. Fed.R.Civ.P. 12(b)(1). The plaintiff bears the burden of persuading the court that subject matter jurisdiction exists, and must support her allegations with competent proof of jurisdictional facts. *Kontos v. United States Dept. of Labor*, 826 F.2d 573, 576 (7th Cir. 1987). Thus, in resolving a 12(b)(1) motion, the court "may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Capitol Leasing Co. v. F.D.I.C.*, 999 F.2d 188, 191 (7th Cir.

1

1993); *see also United Transportation Union v. Gateway Western Railway Co.*, 78 F.3d 1208, 1210 (7th Cir. 1996) (Where evidence pertinent to subject matter jurisdiction has been submitted, "the district court may properly look beyond the jurisdictional allegations of the complaint . . . to determine whether in fact subject matter jurisdiction exists."). Accordingly, the court may consider the exhibits filed by CSI, including Plaintiff's bankruptcy petition, in resolving this motion.

## II.     Discussion

On December 23, 2009, Plaintiff, Theresa Tucker ("Tucker"), filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging that her former employer, Closure Systems International ("CSI"), discriminated against her on the basis of a disability and failed to accommodate that alleged disability in violation of the Americans With Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12111 *et seq.*, as amended. Plaintiff subsequently filed a Complaint against CSI in the Montgomery Superior Court 1 on October 25, 2010, based on the same allegations asserted in her EEOC charge. Defendant removed the lawsuit to this court on November 17, 2010, based on federal question jurisdiction pursuant to 28 U.S.C. § 1331.

On December 28, 2009, Plaintiff filed a voluntary petition for bankruptcy relief under Chapter 13 of the United States Bankruptcy Code in the United States Bankruptcy Court, Southern District of Indiana, Indianapolis Division, Cause No. 09-18545-JKC-13. As part of her bankruptcy petition, Plaintiff was required to submit a sworn statement reflecting all pending suits to which she was a party. *See* 11 U.S.C. §§ 521(1); 1306(a).

However, in her bankruptcy schedule of assets and liabilities, Plaintiff did not list the charge of discrimination she filed with the EEOC. Nor did she list this lawsuit when she filed an amended bankruptcy schedule on November 10, 2010 – nearly one month after Plaintiff initially filed her complaint in this matter.

On March 2, 2010, the Bankruptcy Court approved Plaintiff's proposed Chapter 13 Payment Plan based on Plaintiff's representations regarding her assets – including her representations that she did not have an interest in any pending or potential litigation.

On February 23, 2011, CSI filed the present Motion to Dismiss. The parties held a telephonic conference with Magistrate Judge Baker on March 1, 2011, and the following day, the Case Management Plan was approved as submitted. On March 23, 2011, Plaintiff filed amended schedules disclosing this lawsuit, and, five days later, the Bankruptcy Court appointed Plaintiff's attorney to represent the bankruptcy estate. On April 6, 2011, CSI filed a Reply to its Motion; on April 19, 2011, Plaintiff filed her belated Response to CSI's Motion; and, on April 22, 2011, CSI filed its Reply to Plaintiff's Response.

## III. Discussion

The opening of a Chapter 13 bankruptcy requires a debtor to schedule as assets "all legal and equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1); *see also* 11 U.S.C. § 1306(a). Property of the bankruptcy estate includes causes of action belonging to the debtor at the time the case is commenced, including employment discrimination claims. *Cannon Stokes v. Potter*, 453

F.3d 446, 448 (7th Cir. 2006) ("[T]he estate in bankruptcy, not the debtor, owns all pre-bankruptcy claims . . ."); *Cable v. Ivy Tech State College*, 200 F.3d 467, 473 (7th Cir. 1999) (citing *In re Smith*, 640 F.2d 888, 890 (7th Cir. 1981) ("All causes of action become property of the estate under section 541.")); *Bickford v. Ponce de Leon Care Center, et al.*, 918 F.Supp. 377, 378 (M.D. Fl. 1996) (property of the bankruptcy estate includes pre-petition employment discrimination claims). Because a Chapter 13 debtor retains possession of the estate's property, 11 U.S.C. § 1306(b), "[a] Chapter 13 debtor-in-possession has concurrent standing with the bankruptcy trustee to pursue claims on behalf of the estate." *Calvin v. Potter*, 2009 U.S. Dist. LEXIS 73862, at *7 (N.D. Ill. Apr. 25, 2007) (citing FED. R. BANKR. P. 6009)); *see also Cable*, 200 F.3d at 473-74 (Chapter 13 debtor-in-possession has standing to bring claims on behalf and for the benefit of the estate, but not for the personal benefit of the debtor).

It is undisputed that Plaintiff's claims in this lawsuit existed at the time she filed for bankruptcy, thus making them assets of the estate. 11 U.S.C. §§ 541(a)(1), 1306(a). Because she did not list these claims as assets of the estate in her bankruptcy schedules, Plaintiff was not bringing her employment discrimination claims on behalf of the estate. *Calvin*, 2009 U.S. Dist. LEXIS 73862, at *9 (citing *Cable*, 200 F.3d at 473). Accordingly, at the time CSI filed its Motion to Dismiss, Plaintiff lacked standing to bring this cause of action. *Becker v. Verizon N., Inc.*, 2007 U.S. App. LEXIS 9879, at *3-5 (7th Cir. Apr. 25, 2007) (holding that a Chapter 13 debtor-in-possession lacked standing where she failed to disclose her lawsuit as part of her bankruptcy petition); *see also*

4

*Calvin*, 2009 U.S. Dist. LEXIS 73862, at 9-10 (dismissing case because plaintiff lacked standing where she failed to list her employment discrimination lawsuit as asset on Chapter 13 bankruptcy schedules while EEOC charge was pending). However, after the Bankruptcy Court confirmed her Chapter 13 Plan, and after CSI filed its Motion to Dismiss for lack of standing, Plaintiff amended her schedules to include this cause of action, and the Bankruptcy Court appointed her present attorney as special counsel to pursue this matter for the benefit of her bankruptcy estate. Plaintiff is no longer pursuing this action for her benefit, and thus, she has standing to bring this claim.

CSI argues that, even if Plaintiff has standing, judicial estoppel bars Plaintiff's claims. Judicial estoppel is an equitable doctrine designed "to protect the integrity of the judicial process . . . by prohibiting parties from deliberately changing positions according to the exigencies of the moment[.]" *New Hampshire v. Maine*, 532 U.S. 742, 749-50 (2001) (internal citations and quotation omitted). Thus, "a debtor who conceals a legal claim and denies owning the asset in bankruptcy is judicially estopped from later pursuing that claim to the debtor's personal benefit." *Calvin*, 2009 U.S. Dist. LEXIS 73862, at *11 (citing *Cannon-Stokes*, 453 F.3d at 448); *see also Becker*, 2007 U.S. App. LEXIS 9879, at *4-5 (holding, in the alternative, that judicial estoppel barred plaintiff's claim for her failure to disclose her claims during her bankruptcy proceeding).

The Seventh Circuit has applied this doctrine to *former* debtors who never scheduled their claims. *See Cannon-Stokes*, 453 F.3d 446; *Becker*, 2007 U.S. App. LEXIS 9879. Here, however, Plaintiff did rectify her prior omission by amending her

bankruptcy schedules. While the Seventh Circuit has not addressed the doctrine in this context, several district courts have, and are split on the issue. *Compare Smith v. American Gen. Life Ins. Co.*, 544 F.Supp.2d 732, 734-35 (C.D. Ill. 2008) (finding the doctrine applied to prevent such "procedural chicanery"), *and Bland v. Rahar*, 2008 WL 109388, at *2-3 (C.D. Ill. Jan. 9, 2008) (finding the doctrine applied even though the plaintiff did not understand the disclosure requirements); *with Williams v. Hainje*, 2009 U.S. Dist. LEXIS 82268, at *12-16 (N.D. Ind. Sept. 10, 2009) (finding the doctrine applied to the extent the claim was pursued for his own benefit, but the doctrine did not apply to the estate as the real party in interest). The court finds the better reasoned approach is to allow the Plaintiff to pursue this claim. At this point, the real party in interest is her estate, and, to the extent she prevails on her employment discrimination claims, the proceeds will go to the Trustee for distribution to her creditors.

The court is not blind to the fact that Plaintiff initially failed to respond to CSI's motion, and caused unnecessary delay in these proceedings. The court therefore **ORDERS** Plaintiff and her counsel to comply with all future filing deadlines. If Plaintiff and her counsel fail to do so, the court will not show leniency.

### IV.  Conclusion

For these reasons set forth above, CSI's Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure (Docket # 12) is

**DENIED**. Plaintiff may pursue this action for the benefit of her bankruptcy estate.


**SO ORDERED** this  27th   day of September 2011.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

James E. Ayers
WERNLE RISTINE & AYERS
ayersj@wralaw.com

David J. Pryzbylski
BARNES & THORNBURG LLP
dpryzbylski@btlaw.com

Susan M. Zoeller
BARNES & THORNBURG LLP
susan.zoeller@btlaw.com