UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TERESA TUCKER, ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 1:10-cv-1476-RLY-TAB |
| ) | |
| CLOSURE SYSTEMS INTERNATIONAL ) | |
| (CSI), a division of REYNOLDS ) | |
| PACKAGING, ) | |
| Defendant. ) | |

**ENTRY ON CSI'S MOTION TO CERTIFY ISSUE FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)**

Plaintiff's former employer and the defendant in this action, Closure Systems International ("CSI"), moves for interlocutory appeal of the court's Entry denying Defendant's 12(b)(1) Motion to Dismiss. For the reasons set forth below, the motion is **DENIED**.

**I.    Background**

Plaintiff filed her Equal Employment Opportunity Commission ("EEOC") charge of discrimination against her former employer, CSI, on December 23, 2009, and, five days later, filed a voluntary petition of bankruptcy relief under Chapter 13 of the United States Bankruptcy Code. Although Plaintiff was required to submit a sworn statement reflecting all pending suits to which she was a party, 11 U.S.C. §§ 521(1), 1306(a), in her bankruptcy schedule of assets and liabilities, Plaintiff did not include the EEOC charge of

1

discrimination.

On October 25, 2010, Plaintiff filed the present Complaint based on the allegations contained in her EEOC charge of discrimination. Plaintiff amended her schedules on November 10, 2010, but she did not include the present lawsuit in the amended schedules.

The bankruptcy court reviewed her sworn financial statements and Chapter 13 payment plan and, on March 2, 2010, confirmed the 5-year plan without including the present lawsuit.

On February 23, 2011, CSI filed its 12(b)(1) Motion to Dismiss. On March 23, 2011, Plaintiff amended her bankruptcy schedules to reflect this lawsuit, and, five days later, the bankruptcy court appointed Plaintiff's attorney as special counsel to represent the bankruptcy estate.

On September 27, 2011, the court denied CSI's 12(b)(1) Motion to Dismiss, finding that Plaintiff had concurrent standing with the bankruptcy Trustee to pursue her employment discrimination claim for the benefit of her creditors, and that the doctrine of judicial estoppel did not bar her claim. This motion timely followed.

## II.     Standard for Interlocutory Appeal

Under Section 1292(b), a district judge may certify an interlocutory order for immediate appeal whenever the order: (1) involves a controlling question of law; (2) as to which there is substantial ground for difference of opinion; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). The issue before the court is whether there is substantial ground for

difference of opinion as to whether a Chapter 13 debtor's undisclosed employment discrimination claim is barred by the doctrine of judicial estoppel where the debtor later amended her bankruptcy schedules and joined the Trustee after the defendant-employer brought the omission to the court's attention.

A party moving for an interlocutory appeal bears the burden of showing that "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978)). Stated differently, the grant of an interlocutory appeal is an exception to the general rule that a party may only appeal a final judgment, and, as such, should be granted "sparingly and with discrimination." *Smith v. Ford Motor Co.*, 908 F.Supp. 590, 600 (N.D. Ind. 1995). The decision of whether to grant or deny an interlocutory appeal lies within the discretion of the district court. *Id*.

**III.    Discussion**

    **A.    Motion for Interlocutory Appeal**

Judicial estoppel is an equitable doctrine designed "to protect the integrity of the judicial process . . . by prohibiting parties from deliberately changing positions according to the exigencies of the moment," *New Hampshire v. Maine*, 532 U.S. 742, 749-50 (2001) (internal citations and quotation omitted), and its application is within the discretion of the court, *In re Cassidy*, 892 F.2d 637, 642 (7th Cir. 1990). "Judicial estoppel may apply when (1) the later position is clearly inconsistent with the earlier position; (2) the facts at issue are the same in both cases; (3) the party to be estopped convinced the first court to

adopt its position; and (4) the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *United States v. Christian*, 342 F.3d 744, 747 (7th Cir. 2003) (citing *Maine*, 532 U.S. at 750).

In the court's prior Entry denying CSI's motion to dismiss, the court recognized that the Seventh Circuit has applied the doctrine of judicial estoppel to *former* debtors, *see Cannon-Stokes v. Potter*, 453 F.3d 446 (7th Cir. 2006) and *Becker v. Verizon N., Inc.*, 2007 WL 1224039 (7th Cir. Apr. 25, 2007), but not to *existing* debtors, as in this case. The court further found that there existed a split of authority on that issue within the district courts of the Seventh Circuit. *Compare Smith v. American Gen. Life Ins. Co.*, 544 F.Supp.2d 734-35 (C.D. Ill. 2008) (finding the doctrine applied to prevent such "procedural chicanery"), *and Bland v. Rahar*, 2008 WL 109388 (C.D. Ill. Jan. 9, 2008) (finding the doctrine applied even though the plaintiff did not understand the disclosure requirements), *with Williams v. Hainje*, 2009 U.S. Dist. LEXIS 82268, at *12-16 (N.D. Ind. Sept. 10, 2009) (finding the doctrine applied to the extent the claim was pursued for the plaintiff's own benefit, but the doctrine did not apply to the plaintiff's bankruptcy estate as the real party in interest). It is this alleged split of authority that forms the basis of CSI's motion for interlocutory appeal. Having reviewed the facts and the law pertinent to these cases, the court finds they do not present a split of authority warranting an interlocutory appeal.

In *Smith* and *Bland*, the debtors filed for bankruptcy under Chapter 7, failed to

4

disclose their respective lawsuits on their bankruptcy schedules and, after receiving a discharge, moved to reopen their bankruptcies to reflect their legal claims. *Smith*, 544 F.Supp. at 733; *Bland*, 2008 WL 109388, at *1-2. In addition, the Trustee abandoned the claims back to the debtors, providing the debtors with standing to bring their respective claims for their own benefit. *Smith*, 544 F. Supp. 2d at 734 n.3; *Bland*, 2008 WL 109388, at *1. Thus, in both cases, the debtor-plaintiffs stood to gain financially from a lawsuit their creditors knew nothing about. Applying the law to the facts, the *Smith* and *Bland* courts held that judicial estoppel applied to prevent injustice. *Smith*, 544 F. Supp. 2d at 735-36; *Bland*, 2008 WL 109388, at *3. *See also Cannon-Stokes*, 453 F.3d at 448 (reasoning that "if the estate (through the trustee) abandons the claim, then the creditors no longer have an interest, and with the claim in the debtor's hands the possibility of judicial estoppel comes to the fore"); *Biesek v. Soo Line R. Co.*, 440 F.3d 410, 413 (7th Cir. 2006) (explaining that "judicial estoppel assume[s] that the tort claim belongs to the debtor" because "[o]nly then is one person on both sides of the same issue").

By contrast, in *Hainje*, the plaintiff filed for bankruptcy under Chapter 13, and failed to disclose his excessive force claim. 2009 U.S. Dist. LEXIS 82268, at *3. After the defendant filed a motion for summary judgment on grounds that the plaintiff filed false bankruptcy schedules and should be judicially estopped from pursuing his claim, the plaintiff amended his bankruptcy schedules to identify his federal claim. *Id*. at *4-5. The district court, citing the Seventh Circuit's decisions in *Cannon-Stokes* and *Biesek*, held that judicial estoppel did not apply because the real party in interest was the estate, the

plaintiff's standing was limited to seeking recovery for the benefit of the estate, and the estate had not "engaged in contradictory litigation tactics." *Id*. at *9-11 (quoting *Cannon-Stokes*, 453 F.3d at 448, and citing *Biesek*, 440 F.3d at 413 ("Judicial estoppel is an equitable doctrine, and using it to land another blow on the victims of bankruptcy fraud [i.e., creditors] is not an equitable application.")). Thus, the elements of judicial estoppel were not satisfied. *Id*. at *11.

The court finds that *Smith*, *Rahar*, and *Hainje* do not present a split of authority warranting interlocutory review. The fact that judicial estoppel was applied in *Smith* and *Rahar*, but not in *Hainje*, is easily explained due to the fact that *Smith* and *Rahar* involved plaintiffs who received a Chapter 7 discharge from the bankruptcy court without scheduling their preexisting legal claims as assets. Allowing the plaintiffs' claims to proceed for their own benefit could result in an unfair windfall to the plaintiffs. *See Biesek*, 440 F.3d at 412 (holding that "a debtor who receives a discharges (and thus a personal financial benefit) by representing that he has no valuable choses in action cannot turn around after the bankruptcy ends and recover on a supposedly nonexistent claim"). *Hainje*, on the other hand, involved a plaintiff who failed to schedule his claim, but, during the pendency of his Chapter 13 bankruptcy, amended his schedules. Any recovery for the plaintiff would inure for the benefit of his creditors, and thus, invoking the doctrine of judicial estoppel would only serve to hurt the plaintiff's creditors. In addition, the doctrine was inapplicable because the estate did not engage in contradictory litigation tactics; the plaintiff did.

Furthermore, whether to employ judicial estoppel is a matter left to the court's discretion. Discretionary decisions "are exceptionally poor candidates for § 1292(b) certification" because they rarely involve a controlling question of law. *Coan v. Nightingale Home Healthcare, Inc.*, 2006 WL 1994772, at *4 (citations omitted).

In conclusion, CSI has not met its burden of showing that this case presents a controlling question of law suitable for interlocutory appeal. Accordingly, CSI's motion for interlocutory appeal is **DENIED**.

### B.    *Back v. Town of Cloverdale*

There is one other case worthy of mention – *Back v. Town of Cloverdale*, 2001 U.S. Dist. LEXIS 13107 (S.D. Ind. July 30, 2001). CSI cites *Back* for the proposition that the Plaintiff and the Trustee should be barred from asserting Plaintiff's employment discrimination claim for the benefit of her creditors in her Chapter 13 bankruptcy case. Although CSI's argument sounds more like a motion to reconsider the court's Entry denying its motion to dismiss, the court accepts CSI's invitation to discuss this case.

In *Back*, the district court granted the defendants' motion to dismiss the plaintiff's civil rights lawsuit with prejudice, reasoning that the plaintiff's failure to disclose the civil rights claim on his Chapter 7 schedules prior to discharge deprived him of standing. *Id*. at *3. Plaintiff thereafter filed a Chapter 13 bankruptcy petition and listed his civil rights claim as an asset on his bankruptcy schedules, stating falsely that the claim was dismissed *without* prejudice. *Id*. The Chapter 7 Trustee learned that there may have been assets belonging to the plaintiff that were not properly scheduled, and the bankruptcy court

7

granted the Trustee's motion to vacate the bankruptcy court's "no asset" order and to reopen the bankruptcy. *Id*. at *4. After these events transpired, the plaintiff moved for relief from judgment under Rule 60(b)(5) based upon the bankruptcy court's Confirmation Order in his Chapter 13 bankruptcy case. *Id*. The district court ruled that judicial estoppel barred him from asserting his civil rights claim, relying primarily on the fact that the plaintiff failed to disclose his civil rights claim in his Chapter 7 bankruptcy case during its pendency:

> Plaintiff's assertion of a claim against Defendants in this case is inconsistent with his position in the prior bankruptcy proceeding that he had no assets; Plaintiff obtained relief in that bankruptcy case on the basis of his representation of no assets; and the facts regarding the claim are the same in this case as in the bankruptcy case. Moreover, Plaintiff was aware of his civil rights claim during the pendency of that bankruptcy proceeding; indeed, in this case he alleges the Defendants' actions caused him to petition for bankruptcy. Yet, Plaintiff failed to disclose the civil rights claim in his prior bankruptcy proceeding, and only disclosed the claim in his [] Chapter 13 petition once his failure was discovered by his adversaries in this case.

*Id*. at *11-12 (internal citations omitted).

While it is true that the plaintiff did have a Chapter 13 bankruptcy case pending at the time the court ruled on the plaintiff's motion for relief from judgment, this fact was not pivotal to the court's reasoning. What was pivotal was the fact that the plaintiff had been discharged from the debts in his Chapter 7 case, and his civil rights claim was not a listed asset at that time. The ruling in *Back* is consistent with the rulings in *Smith* and *Rahar*.

Moreover, contrary to CSI's representations, the facts of *Back* are far more

egregious than those presented in the present case.  Here, Plaintiff filed a Chapter 13 bankruptcy petition but failed to schedule her claim as an asset.  Plaintiff is under a 5-year plan, and her case remains open.  The bankruptcy court granted Plaintiff's motion to amend her bankruptcy schedules to include the present lawsuit and appointed special counsel to represent her in this proceeding.  (*See* Docket # 18, Order on Debtor's Application to Employ Special Counsel).  Plaintiff's initial failure to disclose is not comparable to the *Back* plaintiff's misrepresentations, multiple bankruptcy filings, and procedural maneuvering.

The court therefore reaffirms its prior ruling that Plaintiff may pursue her employment discrimination claim against CSI for the benefit of her creditors.  In the event the Trustee abandons the claim and the Plaintiff pursues the claim for her own benefit, such that the Plaintiff would have standing to pursue it on her own behalf, then judicial estoppel would apply and bar her from continuing to prosecute her claim.

## IV.   Conclusion

For the reasons set forth above, CSI's Application to Certify Issue for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) (Docket # 25) is **DENIED**.


**SO ORDERED** this <u>4th</u> day of June 2012.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

James E. Ayers
WERNLE RISTINE & AYERS
ayersj@wralaw.com

David J. Pryzbylski
BARNES & THORNBURG LLP
dpryzbylski@btlaw.com

Susan M. Zoeller
BARNES & THORNBURG LLP
susan.zoeller@btlaw.com